(No. 2558—)

STANDARD OIL CO. (INDIANA), Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 10, 1935.*
*Rehearing denied December 11, 1935.*

BARR & BARR, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

Mr. Justice Yantis delivered the opinion of the court:

Claimant seeks to recover Seven Hundred Forty-three and 30/100 Dollars ($743.30) claimed to have been expended in rebuilding a concrete platform and re-setting the equipment of a filling station, incident to the improvement of a section of S. B. I. No. 4 near Joliet in Will County, Illinois.

A stipulation of facts has been filed herein whereby it appears that claimant was at the time of the alleged damage and is now the owner in fee simple of a certain tract of real estate in Will County, Illinois which is improved with a building, concrete floor and other necessary equipment for the conducting of a retail gasoline station; that some years ago the State of Illinois improved the S. B. I. road known as Route No. 4 upon, along and in front of the premises owned by claimant at the intersection of what is known as Smith Street and Broadway, by constructing thereon a twenty foot concrete roadway, and that the station of claimant was improved to conform with the grade of said Broadway and said Smith Street; that during the months of July and August, 1934 the State of Illinois acting by and through the Department of Public Works and Buildings again improved said road in front of claimant's premises by the widening of said concrete roadway to forty feet, and in so doing reconstructed said roadway and lowered the grade thereof about eighteen inches and the roadway of Smith Street in front of said premises about one foot, as a result of which, access to said gasoline station was destroyed, and in order to make it available for further use as a gas station it became necessary to and the claimant did, in fact, lower the concrete area and its equipment to conform with the new grade, and in so doing necessarily paid out Seven Hundred Forty-three and 30/100

Dollars ($743.30). The stipulation concludes that it is executed for the purpose of avoiding the necessity of taking evidence, and that if conclusions are included therein same are not intended to be binding upon the parties or the court.

It appears from the entire record that while the location of the property in question is stated to be at the intersection of Smith Street and Broadway, the property in fact is not within the corporate limits of any city, but is located near Joliet in Will County, Illinois. It further appears that when the forty foot pavement was laid by the State a strip of approximately ten feet additional concrete slab was laid by the State between the outer edge of the forty foot slab and the concrete area that was later replaced and re-built by claimant. In addition to this the State re-laid a strip of concrete 38' x 16½' at the north end of claimant's property and replaced a fifteen inch drain tile in said area. It is apparent that the State went to considerable effort and expense to remove any damage which claimant might have suffered in the accessability of its property by reason of the new construction work at said point, and the record does not sufficiently show the necessity for the work by plaintiff for which reimbursement is now sought, or the damage to plaintiff's property which occasioned same.

While the record discloses that after the State made a very material improvement at the corner in question, plaintiff also expended the sum of Seven Hundred Forty-three and 30/100 Dollars ($743.30), there is no proof in the record as to the decrease in the value of claimant's property from the construction of the new pavement. Because of the failure of the record to preponderate in claimant's favor as to damages being sustained, the claim is hereby dismissed.

### OPINION ON REHEARING.

*Per Curiam:*

The court having re-examined the record in this case and having duly considered the petition for rehearing filed herein finds there is no sufficient matter to authorize a rehearing of said cause and the petition for rehearing is hereby denied.